FERNANDO SIERRA BERDECIA, in representation and on behalf of EDWIN V. GOSS, Plaintiff and Appellee, *v.* LONG CONSTRUCTION COMPANY, Defendant and Appellant.

No. 11088.   Argued February 1, 1954.—Decided April 29, 1954.

*Garrad Harris* for appellant.   *Joaquín Gallart Mendía* and *Domingo Candelario,* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

On December 29, 1951 the Commissioner of Labor of Puerto Rico, in representation and on behalf of Edwin V. Goss, filed a complaint against the Long Construction Company in the former District Court of Puerto Rico, San Juan

---

Section, claiming unpaid wages. The essence of that complaint was that the respondent employed Goss and utilized his services as mechanic and assistant superintendent from November 25, 1947 to October 17, 1949, in a repair shop which the former operated in Río Piedras in connection with a construction enterprise, that during the period in which Goss earned $100 a week, he was required to work 585 extra hours, and during the period in which he earned $125 a week he worked 773¾ extra hours, which amounted in overtime money to $7,150.80; that the respondent has refused and refuses to pay Goss that amount notwithstanding the demands made, and a like sum claimed by way of additional penalty.

Notice of the above complaint having been served on respondent, and in harmony with an agreement reached at a pre-trial conference, the parties filed a lengthy stipulation whereby, after agreeing on certain facts bearing on the labor contract, the work performed by Goss, the periods during which such work was performed, the wages accrued, etc., they expressly stated that "this is a stipulation of facts submitted to the Hon. Court for decision as to whether complainant was an 'executive' within the meaning of the law, and, if the question be decided in the affirmative, the court shall then decide whether or not the complainant, as executive, is entitled under the law to claim wages for extra hours during the period covered by the complaint. If the court decides either that complainant Goss was not an 'executive,' or that, even if he is an 'executive,' he is entitled to wages for extra hours worked, the Honorable Court shall then set this case for hearing and for the introduction of pertinent evidence on the issue of fact bearing on the extra hours claimed and of the defenses alleged by respondent, with the exception of the defense that said complainant was an 'executive' not entitled to claim such extra hours."

The above question having been submitted to the lower court, it issued a well-founded order in which, after stating

that it was necessary to hold that the provisions of Act No. 217 of May 11, 1945 (Sess. Laws, p. 680), as well as those of any mandatory decree issued by virtue thereof, such as Mandatory Decree No. 11, were applicable to claimant herein as employee of respondent, irrespective of whether or not he was an executive, concluded that the court need not at that time make any pronouncement as to whether or not claimant was an executive by reason of the duties performed by him and that the claim would be decided in subsequent proceedings. Upon hearing of the case and after oral and documentary evidence was introduced by both parties, the court rendered judgment, supported by an opinion setting forth the findings of fact and conclusions of law, sustaining the complaint and ordering the respondent to pay to Edwin V. Goss the sum of $9,952.44, without ·costs and attorney's fees, both being borne by the government.

Respondent appealed and now contends that the lower court erred "(1) in concluding that the definition of 'employee,' as contained in the Minimum Wage Act (No. 8 of 1941), as amended by Act No. 217 of 1945, precludes the exemption of administrators, executives and professionals from the minimum wage and maximum hours provisions of the Act; (2) in concluding that the services performed by Goss while in appellant's employ placed him within the category of employees subject to the provisions of Mandatory Decree No. 11 of the Minimum Wage Board; (3) in failing to pass upon the preliminary point of law raised as to whether or not Goss was an executive employee within the meaning of Act No. 379 of 1948; and (4) in its findings of fact in stating that the services of Goss were utilized by appellant in the category of a mechanic." [1]

Respondent's contention is that it was never the intention of the drafters of this Mandatory Decree to include within the scope of its protection the very same group of

---

[1] The brief in this case was drafted in English, so we have copied the assignments of errors verbatim.

executives, administrators and professionals who ostensibly had brought about the deplorable conditions of long hours, poor wages and conditions tending to perpetuate substandard living, and that although Act No. 379, *supra*, specifically leaves in effect the Minimum Wage Act and the Mandatory Decrees promulgated thereunder, it was not the intention of the Legislature to exempt from the provisions of the Minimum Wage Act those executive, administrative and professional employees in activities not yet covered by Mandatory Decrees, and at the same time allow no exemption in the industries regulated by decrees of the Board.

We now turn to the issues raised: Act No. 8 of April 5, 1941 (Sess. Laws, p. 302), "To Create a Minimum Wage Board," etc., as amended by Act No. 217 of May 11, 1945 (Sess. Laws, p. 680), provides in § 30 that the word " 'Employer' includes every natural or artificial person of any kind, whether or not for profit, who employs any number of workmen, laborers, or employees or allows them to work, for any kind of remuneration; and includes the chief, functionary, manager, official, promoter, administrator, superintendent, foreman, overseer, agent or representative of said natural or artificial person," and that " 'Workman,' 'employee,' or 'laborer' includes any natural person who exercises, discharges, or performs any art, trade, employment, or work, under the orders or for the benefit of another, or on the basis of a contract of lease of services, or through remuneration of any kind or an express or tacit promise to receive it, in any industry, business or occupation." [2]

---

[2] Section 30 of Act No. 8 of 1941 was amended by Act No. 439 of May 15, 1951 (Sess. Laws, p. 1268). That section, as amended, defines the words employer, workman, employee or laborer in the same manner as did the Act of 1945, but adds that " 'workman,' 'employee' or 'laborer' shall not include, however, professionals, executives or administrators." However, since the claim involved in this case comprises services rendered from November 25, 1947 to October 17, 1949, that is, prior to the operation of the 1951 amendment, this amendment has no bearing whatever on the case ar bar.

Although the definition of the word "employer" contained in § 30, *supra,* gives the impression that it covers the complainant, since there is evidence in the record that he purchased parts for the mechanical mixers and tractors and for other heavy machinery, and also that he gave instructions in Spanish to the employees, dismissed them and hired the mechanics, all of which he did by delegation from his immediate superior, who was not acquainted with our native language, still the purpose of the defintion of that word is not to exclude from the scope of the minimum-wage and maximum-hours provisions of the Act any person who performs work such as that performed by Goss. In this connection, we stated in *De Arteaga* v. *Club Deportivo*, 73 P.R.R. 407, that:

"We reject once more the contention that a definition in a statute as in Act No. 8, as amended by No. 217 of 1945, which defines 'employer' as including an administrator, means that the Legislature intended to exclude the latter from coverage under the statute with regard to his own salary. We again point out that the purpose of such a provision is to make the employer responsible for the conduct of the administrator in connection with the latter's subordinates and not to deprive the administrator personally of the benefits of the statute. *Only if another provision expressly excludes executives from such a statute does it have that effect. . . .*" (Italics ours.)

Mandatory Decree No. 11 of the Minimum Wage Board, "Fixing Minimum Wages, Maximum Hours of Work and Labor Conditions for the Employees of the Construction Industry," which has been in force since July 1, 1946, provides in § 1 (*b*) that "*Employer* and *employee* or *worker* have the meaning given in the Minimum Wage Act, although limited to the construction industry." We already know the meaning of those words from the definition given in the Minimum Wage Act. We have also seen that, notwithstanding the definition of the word employer, the Minimum Wage Act in force at the time the services herein involved were

rendered, did not expressly exclude executives from its provisions. We must necessarily conclude, therefore, that, whether claimant was an "executive or not," if he performed work during extra hours or during rest periods, he is entitled to additional compensation. We say this because, according to § 3 of Mandatory Decree No. 11, "no employer shall force or permit any employee to work more than eight hours per day, nor more than forty-four hours per week, unless he shall compensate the employee for the hours worked in excess of the daily or weekly maximum at the rate of not less than double the regular rate paid to the employee," and that under § 4 of the Decree no less than twice the rate shall also be paid whenever an employee works during any rest period to which he may be entitled.

Although Act No. 379 of May 15, 1948 (Sess. Laws, p. 1254), "To Establish the Working Day in Puerto Rico, to Provide for the Payment of Double Time for Hours Worked in Excess of the Legal Working Day, to Fix Periods of Rest," etc., provides in § 19 that "the word 'employee' shall not include executives, administrators or professionals," and although that Act took effect on May 15, 1948, that is, during the time the services involved in the instant case were rendered, it does not affect the conclusion reached by the lower court that, for the purposes of the case, it was unnecessary to determine whether or not Goss was an executive. This is so because, by virtue of § 22 of Act No. 379 of 1948, Act No. 8 of 1941, as amended, and the mandatory decrees promulgated by the Minimum Wage Board created by that act remained in full force. *Caguas Bus Line* v. *Comm'r of Labor*, 73 P.R.R. 690, 697. Therefore, since Mandatory Decree No. 11 was in full force and effect at the time of the enactment of Act No. 379, *supra*, that Decree remained entirely in full force by express provision of § 22 of Act No. 379 of 1948. Mandatory Decree No. 11, as has been seen, provided that the words "employer" and "employee" or "worker" shall have the meaning given in the

Minimum Wage Act, although limited to the construction industry. Consequently, since the Minimum Wage Act in force during the period in which complainant's services were rendered did not expressly exclude executives from its provisions, it is quite clear that, irrespective of whether Goss was an executive or a mere employee of the respondent, he would nonetheless be entitled to double compensation, if he rendered services during extra hours or rest periods. Regarding the latter point—rendition of services during extra hours—the trial court concluded that Goss worked 433 extra hours for respondent during the period in which his weekly salary was $100, and 530 extra hours during the period in which it was $125, as well as that respondent has not paid him the corresponding amount for those extra hours. We must accept as correct those findings of fact of the lower court not only because the record discloses proof tending to support those findings, but also because they have not been challenged. See *Correa* v. *Mario Mercado e Hijos*, 72 P.R.R. 77.

The judgment appealed from will be affirmed.

Mr. Justice Belaval did not participate herein.